## Chicago & N. W. Ry. Co. v. Henry Toellen.

1. VERDICTS—*Against the Weight of the Evidence.*—In this case the judgment is reversed and remanded because the verdict is against the weight of the evidence.

**Trespass on the Case,** for personal injuries.   Trial in the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Verdict and judgment for plaintiff.   Appeal by defendant.   Heard in this court at the May term, 1898.   Reversed and remanded.   Opinion filed September 26, 1898.

WM. BARGE, attorney for appellant.

CHARLES W. HELMIG, VINCENT J. DUNCAN and HASKINS & PANNECK, attorneys for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

This was an action by appellee against appellant for personal injuries received by him, caused, as he alleges, by the negligence of the latter, while he, appellee, was with due care attempting to drive with horse and buggy across the track of the railroad at a highway crossing in the village of Spring Valley.   A trial by jury resulted in a verdict and judgment for $500 against the appellant, from which it prosecutes this appeal.   Various errors are assigned, among which is, that the verdict is against the weight of the evidence and that the court gave improper and refused proper instructions to the jury.

The negligence alleged is the failure of appellant to sound a bell or blow a whistle at the time of the approach by it to the crossing in question.   At the time of the injury to appellee, appellant was engaged in switching at the crossing.   Appellee and his companion, Leittl, approached the crossing and saw the engine and cars, and stopped to allow the crossing to be cleared, which was done by the engine and car going south; whereupon appellee attempted to drive over the crossing, and his horse becoming frightened,

he was upset on one of the rails and injured.   At this time it is claimed appellant started its engine and cars north toward appellee and the crossing, thereby causing the fright and consequent injury, and upon this point much of the evidence was directed.   We have examined the evidence and are compelled to conclude the great weight thereof is, that at the time of the injury the engine and cars were not in motion, but standing still upon the track; and the fright of the horses could not therefore have been produced by appellant; nor was it required to ring a bell or sound a whistle while remaining still.   We find no material error in the instructions, and because the verdict is against the weight of the evidence, the judgment of the Circuit Court will be reversed and the cause remanded.